IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOHNNY TURNER                                                                    PETITIONER

v.                                                                  No. 1:25-cv-175-GHD-DAS

STATE OF MISSISSIPPI                                                             RESPONDENT

ORDER TRANSFERRING CASE TO THE
FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the court, *sua sponte*, for consideration of the transfer of this cause.

Johnny Turner has filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.[1] [1] Liberally

construed, Turner challenges his 2004 conviction and sentence for possession of

methamphetamine and manufacture of methamphetamine resulting in a life sentence in the

Circuit Court of Oktibbeha County, Mississippi. The petitioner has filed multiple unsuccessful

2254 motions concerning the same conviction which he now seeks to challenge. *Turner v. State of

Mississippi, et al.,* 1:09-cv-249-SA-JAD, *Turner v. Denmark,* 1:14-cv-198-SA-SAA, *Turner v.

King,* 1:20cv105-SA-JMV, and *Turner v. State of Mississippi,* 1:25cv134-SA-DAS.    The

Antiterrorism and Effective Death Penalty Act requires that before a district court files a second

or successive petition, "the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application." The petitioner has not obtained such an

order. Rather than dismissing the petition on this basis, the Fifth Circuit permits district courts to

transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(c). *See In re Epps,*

---

[1] Petitioner titled his pleading as a "Motion for Declaratory Judgment." The Court has construed this pleading as an
attempt to seek habeas relief and ordered Turner to submit a completed 2254 form. [5]. However, Turner has not complied
with that order.

127 F.3d 364, 365 (5ᵗʰ Cir. 1997). Therefore, in the interest of justice and judicial economy, it is

**ORDERED:**

1) That this petition will be transferred to the Fifth Circuit Court of Appeals for the petitioner to seek leave to file this successive § 2254 petition;

2) That the Clerk of Court is directed to transfer this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. §2244(a) and (b)(3)(c), and *In re Epps*, 127 F.3d at 365; and

3) That this case is **CLOSED.**

**SO ORDERED**, this, the 24 day of March, 2026.

_____
**SENIOR U.S. DISTRICT JUDGE**